UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAMZA GHAZNAVI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DE LONGHI AMERICA, INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Hamza Ghaznavi ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant De Longhi America, Inc. ("Defendant") for the manufacture, marketing, and sale of consumer products that include espresso and coffee machines sold under the De'Longhi brand name (the "Products"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## NATURE OF ACTION

1. This is a class action against Defendant for the marketing, manufacture, and/or sale of consumer products (the "Products"), the warranties of which include statements that condition the continued validity of the warranty on the use of only an authorized repair service and/or authorized replacement parts (a "tying arrangement" or "unlawful repair restriction"). Tying arrangements that condition a consumer product's warranty on the use of a specific repair service in this manner violate state and federal law. Had Plaintiff – or reasonable class members – been aware that the repair restriction was unlawful, he would not have purchased the Product, or would have paid significantly less for it.

1

2.      Plaintiff brings his claims against Defendant individually and on behalf of a class of all other similarly situated purchasers of the Products for: (i) violations of the Magnuson-Moss Warranty Act, (ii) unjust enrichment, (iii) fraud, (iv) fraudulent omission, and (v) violations of New York Gen. Bus. Law § 349.

**PARTIES**

3.      Plaintiff Hamza Ghaznavi is, and at all times relevant to this action has been, a resident of New York, New York and a citizen of New York.  In or about May 2020, Mr. Ghaznavi purchased one De'Longhi Eletta Fully Automatic Espresso Cappuccino and Coffee Maker from Costco.com, which shipped the Product to his home.  Mr. Ghaznavi purchased the Product, reasonably believing its warranty complied with state and federal law.  However, the Product Mr. Ghaznavi purchased did not comply with state and federal law because of the unlawful repair restriction attached to the warranty that prohibited him from repairing it.  Mr. Ghaznavi would not have purchased the Product, or would have paid significantly less for the Product, had he known that it did not comply with state and federal law.

4.      The Product that Mr. Ghaznavi purchased began to slightly malfunction shortly after he purchased it.  He would have liked to endeavor to repair his product himself during the warranty period, but his warranty as written prohibited him from doing so.

5.      Defendant De Longhi America, Inc. is a Delaware corporation with its principal place of business at 2 Park Way, Ste 3A, Upper Saddle River, New Jersey 07458.  Defendant markets and distributes the Products throughout the United States.  Defendant sells its products to consumers on websites and retail stores nationwide.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

7. This Court has personal jurisdiction over Defendant because a substantial portion of the events that gave rise to Plaintiff's claims occurred in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to Plaintiff's claims took place within this District.

**COMMON FACTUAL ALLEGATIONS**

**I.   Defendant's Business Activities**

9. Defendant distributes consumer products to retailers throughout the United States, who then sell the appliances to consumers.

10. Defendant's products include espresso and coffee machines sold under the "De'Longhi" brand name.

11. All the relevant Products include the same unlawful repair restriction in their warranties.

12. Defendant has advertised, marketed, offered for sale, sold, and distributed products through authorized dealers to consumers.

13. Defendant's Products include a "written warranty" as defined by the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6), in the form of a limited warranty ("Warranty Statement").

14. The length of the limited warranty offered by Defendant is two years.

3

15. Defendant's limited warranty includes the aforementioned unlawful repair restriction.

## II. Defendant Conditions Warranty Coverage On Unlawful Repair Restrictions

16. In numerous instances, Defendant, through its warranty statements on the Products, condition warranty coverage on the usage of Defendant's repair services to perform maintenance and repair work, rather than allowing consumers to repair the product themselves or take it to a third-party repair service.

17. Specifically, Defendant's warranty states: "This warranty shall not apply to any product that has been repaired or altered outside our factory."[1]

18. Under the terms of the warranty, purchasers are bound to only use authorized repair services.

19. Under Defendant's warranty, Defendant in effect provides parts in a manner which impede or preclude the choice by the consumer to perform necessary labor to install such parts.

20. By conditioning its warranty in this manner, Defendant has violated the tying prohibition in the Magnuson-Moss Warranty Act, which prohibits companies from conditioning their warranties on a consumer's use of any article or service (other than an article or service provided without charge under the terms of the warranty) identified by brand, trade, or corporate name.

21. Defendant's practices also violate state laws, as well as Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1), which prohibits unfair or deceptive actors or practices, as well as

---

[1] https://www.costco.com/wcsstore/CostcoUSBCCatalogAssetStore/Attachment/Warranty-2-Year.pdf

unfair methods of competition, in or affecting commerce.  Section 5 also encompasses violations of the Sherman Act, which prohibits certain exclusionary and other anticompetitive conduct.

**III.    The Magnuson-Moss Warranty Act**

22.    The Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312, is the federal law that regulates consumer warranties and the procedures used to resolve warranty disputes.  It also directs the FTC to prescribe rules enforcing certain requirements pertaining to the use and content of consumer warranties.

23.    Section 2302(c) of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2302(c), prohibits any warrantor from conditioning a warranty on the consumer's using, in connection with the warranted product, any article or service (other than an article or service provided without charge under the terms of the warranty) which is identified by brand, trade, or corporate name.

24.    An FTC Rule interpreting this provision specifically addresses warranty language (nearly identical to Defendant's warranty):

> No warrantor may condition the continued validity of a warranty on the use of only authorized repair service and/or authorized replacement parts for non-warranty service and maintenance (other than an article of service provided without charge under the warranty or unless the warrantor has obtained a waiver pursuant to section 102(c) of the Act, 15 U.S.C. 2302(c)).  For example, provisions such as, "This warranty is void if service is performed by anyone other than an authorized 'ABC' dealer and all replacement parts must be genuine 'ABC' parts," and the like, are prohibited where the service or parts are not covered by the warranty.  These provisions violate the Act in two ways.  First, they violate the section 102(c), 15 U.S.C. 2302(c), ban against tying arrangements.  Second, such provisions are deceptive under section 110 of the Act, 15 U.S.C. 2310, because a warrantor cannot, as a matter of law, avoid liability under a written warranty where a defect is unrelated to the use by a consumer of "unauthorized" articles or service.

16 CFR § 700.10(c)

### IV. Section 5 Of The Federal Trade Commission Act

25. The FTC has found that a "manufacturer's use of a repair restriction could be challenged as an unfair practice under Section 5 of the FTC Act if the repair restriction causes substantial injury (e.g., monetary harm or unwarranted health and safety risks) that is not outweighed by countervailing benefits to consumers or competition that the practice produces, and the injury could not have been reasonably avoided by consumers."[2]

26. Section 5 of the Federal Trade Commission Act prohibits unfair or deceptive actors or practices, as well as unfair methods of competition, in or affecting commerce. Section 5 also encompasses violations of the Sherman Act, which prohibits certain exclusionary and other anticompetitive conduct. *See*, *e.g.*, *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451 (1992); *United States v. Microsoft*, 253 F.3d 34 (D.C. Cir. 2001).

27. The FTC has noted that "[r]estricting consumers and businesses from choosing how they repair products can substantially increase the total cost of repairs, generate harmful electronic waste, and unnecessarily increase wait times for repairs. In contrast, providing more choice in repairs can lead to lower costs, reduce e-waste by extending the useful lifespan of products, enable more timely repairs, and provide economic opportunities for entrepreneurs and local businesses."[3]

---

[2] https://www.ftc.gov/system/files/documents/reports/nixing-fix-ftc-report-congress-repair-restrictions/nixing_the_fix_report_final_5521_630pm-508_002.pdf, pg 14.
[3] https://www.ftc.gov/system/files/documents/public_statements/1592330/p194400repairrestrictionspolicystatement.pdf, pg 1.

28. The FTC has issued several warning letters to companies that appeared to be engaged in warranty tying in violation of the Magnuson-Moss Warranty Act and has brought at least one enforcement action.

29. The FTC has concluded that "it is clear that repair restrictions … steered consumers into manufacturers' repair networks or to replace products before the end of their useful lives."[4]

30. The FTC has also expressed concern that repair restrictions "may place a greater financial burden on communities of color and lower-income Americans."[5]

31. While manufacturers explain that these repair restrictions often arise from their desire to protect intellectual property rights and prevent injuries and other negative consequences resulting from improper repairs, the FTC has found that such justifications "should be rejected if found to be a mere pretext for anticompetitive conduct."[6]

32. Here there is no justification for Defendant's repair restrictions since the technology inside many of Defendant's Products (such as its espresso and coffee machines) are well known and simple, and the repair restriction is not relevant as to any consideration of personal injury or improper repairs.[7]

---

[4] "Nixing the Fix: An FTC Report to Congress on Repair Restrictions", available at https://www.ftc.gov/system/files/documents/reports/nixing-fix-ftc-report-congress-repair-restrictions/nixing_the_fix_report_final_5521_630pm-508_002.pdf, pg 6.

[5] *Id.* at 5.

[6] *Id.* at 10.

[7] For example, compare Defendant's warranty with what can be found at https://www.lasko.com/resources/warranties/, "This warranty does not apply if the product was damaged or failed because of accident, improper handling or operation, shipping damage, abuse, misuse, unauthorized repairs made or attempted."

33. Due to these factors, on July 21, 2021, the FTC unanimously voted to ramp up law enforcement against repair restrictions that prevent small businesses, workers, consumers, and even government entities from fixing their own products.[8]

## CLASS REPRESENTATION ALLEGATIONS

34. Plaintiff seeks to represent a class defined as all purchasers of De'Longhi branded products in the United States with warranty provisions that prohibits self-repair and/or the use of unauthorized parts (the "Class"). Excluded from the Class are persons who made such purchases for purpose of resale.

35. Plaintiff also seeks to represent a subclass of all Class Members who purchased De'Longhi branded products in the State of New York with warranty provisions that prohibits self-repair and/or the use of unauthorized parts (the "New York Subclass") (collectively with the Class, the "Classes").

36. Subject to additional information obtained through further investigation and discovery, the above-described Classes may be modified or narrowed as appropriate, including through the use of multi-state subclasses.

37. At this time, Plaintiff does not know the exact number of members of the aforementioned Class and New York Subclass ("Class Members" and "Subclass Members," respectively) but believes it numbers in the hundreds of thousands. Given the size of the Defendant's operation and the number of retail stores in the United States selling Defendant's Products, Plaintiff believes that Class and Subclass Members are so numerous that joinder of all members is impracticable.

---

[8] https://www.ftc.gov/news-events/press-releases/2021/07/ftc-ramp-law-enforcement-against-illegal-repair-restrictions.

38. There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Classes that predominate over questions that may affect individual Class members include:

    (a) Whether Defendant misrepresented and/or failed to disclose material facts concerning the Products;

    (b) whether Defendant's conduct was unfair and/or deceptive;

    (c) whether Defendant has been unjustly enriched as a result of the unlawful conduct alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon Defendant by Plaintiff and the Classes;

    (d) whether Plaintiff and the Classes sustained damages with respect to the common law claims asserted, and if so, the proper measure of their damages;

    (e) whether Defendant's conduct violates the Magnuson-Moss Warranty Act; and

    (f) whether Defendant's conduct violates section 5 of the Federal Trade Commission Act.

39. Plaintiff's claims are typical of those of the Classes because Plaintiff, like all members of the Classes, purchased, in a typical consumer setting, Defendant's Products, and Plaintiff sustained damages on account of Defendant's wrongful conduct.

40. Plaintiff will fairly and adequately protect the interests of the Classes and has retained counsel that is experienced in litigating complex class actions. Plaintiff has no interests which conflict with those of the Classes.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, especially given the potentially low individual damages suffered by individual class members.

42. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another might not. In addition, individual actions could be dispositive of the interests of the Classes even where certain Class or Subclass Members are not parties to such actions.

## COUNT I
### Violation Of The Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

43. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

44. Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

45. The Products are consumer products as defined in 15 U.S.C. § 2301(1).

46. Plaintiff and the Class and Subclass Members are consumers as defined in 15 U.S.C. § 2301(3).

47. Defendant is a supplier and warrantor as defined by the Warranty Act because they are suppliers or other persons who give or offer to give a written warranty or who are or may be obligated under an implied warranty. 15 U.S.C. § 2301(4) and (5).

48. No warrantor may condition the continued validity of a warranty on the use of only authorized repair service and/or authorized replacement parts for non-warranty service and maintenance (other than an article of service provided without charge under the warranty or

unless the warrantor has obtained a waiver pursuant to section 102(c) of the Act, 15 U.S.C. 2302(c)). 16 CFR § 700.10(c).

49. In connection with the marketing and sale of the Product, Defendant has conditioned a warranty on the consumer's using, in connection with the warranted Product, with the use of only an authorized repair service and/or authorize replacement parts. 16 CFR § 700.10(c).

50. Specifically, Defendant's warranty states: "This warranty shall not apply to any product that has been repaired or altered outside our factory."

51. By reason of Defendant's breach of warranties, Defendant violated the statutory rights due Plaintiff and the Class and Subclass Members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, thereby economically damaging Plaintiff and the Class and Subclass Members.

52. Plaintiff and the Class and Subclass Members were injured as a direct and proximate result of Defendant's breach because they would not have purchased the Products if they knew the truth about the unlawful nature of the Products or would have paid substantially less for them.

## COUNT II
**Unjust Enrichment**

53. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

54. Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

55. Plaintiff and members of the Classes conferred benefits on Defendant by purchasing the Product.

11

56. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class and Subclass Members' purchases of the Product. Retention of those moneys under these circumstances is unjust and inequitable because Defendant did not disclose that the repair restriction was unlawful and unenforceable. These omissions caused injuries to Plaintiff and Class and Subclass members because they would not have purchased the Products if the true facts were known or would have paid substantially less for the Products.

57. Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and members of the Classes is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Classes for its unjust enrichment, as ordered by the Court.

## COUNT III
### Fraud

58. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

59. Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

60. As discussed above, Defendant provided Plaintiff and members of the Classes with false or misleading material information about the Products.

61. Specifically, Defendant indicated to Plaintiff and members of the Classes that they would be unable to repair or use parts not authorized by Defendant on the products that they had just purchased. Defendant added this provision knowingly in order to encourage Plaintiff and members of the Classes to purchase new Products and/or replacement parts at inflated prices rather than repair older Products or purchase third-party parts.

62. Defendant misrepresented these unlawful repair restrictions as binding and enforceable even though such restrictions were explicitly unlawful according to FTC regulations and thus unenforceable.

63. These misrepresentations were made with knowledge of their falsehood.

64. The misrepresentations made by Defendant, upon which Plaintiff and members of the Classes reasonably and justifiably relied, were intended to induce, and actually induced Plaintiff and members of the Classes to purchase Products that they otherwise would not have or at least pay substantially more for the product than they would have.

65. The fraudulent actions of Defendant caused damage to Plaintiff and members of the Classes in the form of price premiums and are entitled to damages and other legal and equitable relief as a result.

## COUNT IV
### Fraudulent Omission

66. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

67. Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

68. This claim is based on fraudulent omissions concerning the unlawfulness of the repair restrictions that are included in Defendant's warranties. As discussed above, Defendant failed to disclose that the Products' repair restrictions were unlawful and unenforceable.

69. The false and misleading omissions were made with knowledge of their falsehood. Defendant manufactures, markets, and sells consumer electronics nationwide and knows that the FTC has stated that repair restrictions of the type that appears on Defendant's

warranty are unlawful. Nonetheless, Defendant continued to include its unlawful repair restrictions on its Products.

70. The false and misleading omissions were made by Defendant, upon which Plaintiff and members of the proposed Classes reasonably and justifiably relied, and were intended to induce and actually induced Plaintiff and members of the Classes to purchase Products that they otherwise would not have or at least pay substantially more for the Products than they otherwise would have.

71. The fraudulent actions of Defendant caused damage to Plaintiff and members of the proposed Classes, who are entitled to damages and punitive damages.

## COUNT V
### Deceptive Acts Or Practices, New York Gen. Bus. Law § 349

72. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

73. Plaintiff brings this claim individually and on behalf of members of the New York Subclass against Defendant.

74. By the acts and conduct alleged herein, Defendant committed deceptive acts and practices concerning the unlawfulness of the repair restrictions that are included in Defendant's warranties. As discussed above, Defendant failed to disclose that the Products' repair restriction was unlawful and unenforceable.

75. The foregoing deceptive acts and practices were directed at consumers.

76. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the enforceability of the Product's repair restriction in a way intended to discourage legal repair of the Products.

77. Defendant's conduct is also misleading in a material way because, as discussed above, it fails to comport with Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1) which prohibits unfair or deceptive actors or practices, as recognized by the Federal Trade Commission.

78. Plaintiff and New York Subclass Members were injured as a direct and proximate result of Defendant's breach because they would not have purchased the Products if they knew the truth about the unlawful nature of the Products or would have paid substantially less for them.

79. On behalf of himself and other members of the New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the nationwide Class and New York Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and New York Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and New York Subclass Members;

(b) For an order declaring the Defendant's conduct violates the statutes referenced herein;

(c) For an order finding in favor of Plaintiff, the nationwide Class, and the New York Subclass on all counts asserted herein;

15

    (d)    For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

    (e)    An award of statutory penalties to the extent available;

    (f)    For pre-judgment interest on all amounts awarded;

    (g)    For an order of restitution and all other forms of monetary relief; and

    (h)    For an order awarding Plaintiff, the Class, and New York Subclass their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b)(1), Plaintiff demands a trial by jury of all issues so triable.


Dated:  March 4, 2022                      Respectfully submitted,

                                            **BURSOR & FISHER, P.A.**

                                            By:    */s/ Julian C. Diamond*
                                                       Julian C. Diamond

                                            Julian C. Diamond
                                            888 Seventh Ave, Third Floor
                                            New York, NY 10019
                                            Telephone: (646) 837-7150
                                            Facsimile: (212) 989-9163
                                            E-Mail: jdiamond@bursor.com

                                            **BURSOR & FISHER, P.A.**
                                            Neal Deckant
                                            1990 North California Blvd., Suite 940
                                            Walnut Creek, CA  94596
                                            Telephone: (925) 300-4455
                                            Facsimile:  (925) 407-2700
                                            Email: ndeckant@bursor.com

                                            *Attorneys for Plaintiff*